CmtiA, per
Johnson, J.
The claim of W. Wight-man to be preferred to the other creditors of Ancrum to the amount of his whole demand ($32,000) was founded solely on the construction of the deed of assignment, and was not the subject of reference to the Commissioner, and could not regularly come before the Court on exceptions to his report. The reference to him was to ascertain what were the liens on Ancrum’s estate prior to his copartnership with Mr Chiffielle, and could not embrace the deed which was subsequent.
There is nothing in the deed itself, however, which authorizes the conclusion that Ancrum intended this claim to be preferred, and it rests solely on the circumstance that the debts due Wightman stand at the head of the schedule of debts annexed to the deed, and hence it is concluded that they are first to be paid — but this deduction is clearly without foundation. Judging from the terms of the deed itself there is nothing which warrants it. On the contrary it is evident that it was the intention to provide for the payment of all the debts contained in the schedule as far as the fund would go without regard to the order in which they were placed. In any view therefore this ground of the motion Cannot be sustained.
The second ground presents the question, whether Wightman has or has not a lien on the estate of Ancrum for the interest which accrued on his judgment subsequent to its date 2
acTonsiVhe interest might on a judgment by suit on the judgment. The act particular ca-suit, and recovered on a bond for the penalty for tuaiiy^duejn-terest may be the judgment, naity; and of evidence will ie^presu-med to have for the coi-rect sum due.
As a general proposition there can be no question that jn an actjon at jaw founded on a judgment the plaintiff would be entitled to recover interest on the amount of juc^Sment’ without the aid of the act of 1815, which makes no change in the law except to authorize the sheriff to collect the accruing interest, without driving the plaintiffs to an action so to recover it. This point was long ago settled in the case of Lamkin v. Nance(1), an(j bas ever since been acted on. That was a judg-J ° on a simple contract debt; but the rule holds also on judgments on penal bonds, if in fact the amount of the penalty be actually due and owing for principal and interest at the time of the judgment rendered, Bonsal’s Exec. v. Taylor, 1 M’Cord’s Rep. 503; an(j in an action on such judgment the plaintiff may . . . J s, r J recover the interest on the penalty,
^ *s objected, however, that the condition of the bond, on which the judgment of Wightman against An-crum is founded, is not for the payment of money, but to anc* indemnify him from certain liabilities which he had incurred on account of Ancrum, and that the Court cannot see that they did at the time equal the penalty of ^ie k°nc¡, and that therefore interest should not be allowed, Neither the report of the Commissioner, nor the decree of the Circuit Court, furnish any information as to the fo^ whether liabilities to the amount of the penalty of the bond had been incurred by Wightman at the time judgment was rendered, and this Court has sought information of the counsel concerned in the case, but has obtained nothing satisfactory : we are therefore left in the dark as to the matter of fact on which this objection is founded. In the absence of any further light on the subject, if we refer to the judgment itself it must be presumed that the whole amount of the penalty was then *105 due. The judgment is for that sum without any circumstances connected with it, tending to shew that it ought to be for less. Wightman was not bound to submit the condition of the bond to the jury, and to prove the damages by the breach under the act of the legislature. It was the privilege of the defendant, Ancrum, to compel him to do so by rule of Court, and if he neglected to avail himself of this privilege Wightman was at liberty, forthwith, to have taken out execution for the whole amount, (Mitchell v. Dawkins, decided in Columbia,December Session, 1824,) and his neglect to do so furnishes a conclusive presumption that the whole amount was due.
The lien of a judgment is as well for interestwhich may become due on it as for the principal debt.
It may be objected that equity would relieve against such a judgment. Be it so. But it would be required of the party complaining to shew, that the damages sustained were less than the penalty of the bond; and it is answered that in this case there is no evidence. Having established the position that, as between Wightman and Ancrum, he would have been entitled to recover interest in an action on the judgment, it remains to be seen, whether he has a lien on the estate of Ancrum for the interest as well as the principal sum.
The union of principal and interest is so closely blended, that it is impossible to separate them without doing violence to justice and common sense. They are, I think, justly compared to substance and shadow. It is impossible that one can exist. without the other. Remove the principal, and the interest no longer exists. Remove the interest, and the principal is divested of one of its legitimate appendages. The maxim partus sequi-tur ventrem appears to-me not inapplicable to their , condition. The case of Sims etal. Creditors of Rochelle v, Campbell et al.(1), decided in the Court of Appeals, at the *106 last sitting in Columbia, is decisive on this question. Ro-cjiene was insolvent, and, on a bill filed in the Court of Equity to determine the rights of the creditors, the Court ordered that the judgment creditors should be first paid in the order in which they stood with respect to time. The judgment of Campbell and Chambers was before the act of 1815, and the first in order to be paid. The Commissioner, however, declined giving them a preference as to interest which had accrued subsequently to the. judgment ; but on a rule against him the Circuit Court ordered that the interest should also be paid, and this order was affirmed on an appeal to this Court.
I recollect also another case, the title of which has escaped me, and, not being able to find it among the reported cases, I presume it has been overlooked. It arose under the act of 1815. The question on a rule against the sheriff was, whether the interest accruing on the oldest of several executions against the same defendant should be paid in exclusion of younger executions, where the sum levied was insufficient to pay the whole; and the Court ruled that it was entitled to be preferred.
The decree of the Circuit Court is therefore reversed so far as it disallows the interest on the judgment, and it is ordered and decreed, that in the application of the trust fund in the hands of the defendants, Wightman be allowed, in addition to the principal sum of his judgment at law against Ancrum, the interest which has accrued subsequently to the signing of the judgment.

Decree reversed.

 This case the Reporter has never seen. It is not reported.

 Vide ante, page 53.